IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

ROBERT D. MULLANEY (Cal. Bar No. 116441)
Senior Counsel
Environmental Enforcement Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel: (415) 744-6491
Fax: (415) 744-6476
E-mail: Robert.Mullaney@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 91-CV-20275 JW |
| Plaintiff, | |
| v. | JOINT STIPULATION TO AMEND CONSENT DECREE |
| INTEL CORPORATION and RAYTHEON COMPANY, | |
| Defendants. | |

1  WHEREAS:

2  On April 10, 1992, the Court entered a Consent Decree resolving the civil claims of
3  Plaintiff United States against Defendants Intel Corporation and Raytheon Company
4  (collectively, "Defendants") as alleged in the Complaint filed in this action.

5  On June 28, 2001, in accordance with Paragraph C. (EPA Certification) of Section
6  XXXVIII (Termination and Satisfaction) of this Decree, the U.S. Environmental Protection
7  Agency ("EPA") certified Defendants' completion of Initial Work, as defined in the Decree.

8  Following EPA's certification of completion of Initial Work, EPA received information
9  indicating that the remedy set forth in EPA's Record of Decision issued on June 9, 1989, as
10 clarified by a September 1990 Explanation of Significant Differences ("ROD"), was not
11 protective of human health and the environment because the remedy in the ROD did not address
12 exposure to contaminants at the MEW Site through the vapor intrusion pathway.

13 On August 16, 2010, EPA issued an Amendment to the ROD (the "2010 ROD
14 Amendment") to address the vapor intrusion pathway.

15 Defendants have been conducting actions to support development of the vapor intrusion
16 remedy and to address the vapor intrusion pathway since 2002.

17 The United States and the Defendants (the "Parties") have agreed to amend this Decree to
18 include work required to implement the vapor intrusion remedy as set forth in the Statement of
19 Work for Remedial Design and Remedial Action to Address the Vapor Intrusion Pathway, which
20 is attached as Appendix F to the First Amended Consent Decree.

21 The Parties represent that this modification to the Consent Decree has been negotiated by
22 the Parties in good faith. The Parties believe that this modification of the Consent Decree is fair,
23 reasonable, and in the public interest.

24 NOW, THEREFORE, the Parties enter into this Joint Stipulation to Amend Consent
25 Decree ("Joint Stipulation") as follows:

26 1. Page 12A is inserted to add the following definitions to Section IV (Definitions)
27 of this Decree:

28 KK. "2010 ROD Amendment" shall mean the document signed by the Assistant Director

of the Superfund Division of Region IX on August 16, 2010, which describes the vapor intrusion remedy to be implemented at the Site.

LL. "Vapor Intrusion Remedial Design and Remedial Action Statement of Work" shall mean the document setting forth the Work to be conducted to implement the vapor intrusion remedy, which is attached to the Decree as Appendix F.

MM. "Vapor Intrusion Work" shall mean the Work required in the Vapor Intrusion Remedial Design and Remedial Action Statement of Work in Appendix F to the Decree.

2. Page 21 is substituted and Page 21A is inserted to add the following subparagraph (e) to Paragraph A.2. (Work Requirements/Requirements of the Work and Cleanup Standards) of Section VII (Work to be Performed) of this Decree:

(e) <u>Vapor Intrusion Remedy</u>. Where a vapor intrusion remedy is determined to be required at existing or future buildings according to the protocol, and in the geographic area, designated by attached Appendix F, the selected remedy for the vapor intrusion pathway in the 2010 ROD Amendment is: (i) for existing buildings: installation, operation, maintenance, and monitoring of an appropriate active sub-slab/sub-membrane ventilation system, where determined necessary through indoor air sampling and other lines of evidence. Existing non-residential buildings may utilize the building's indoor air ventilation system as the remedy if the property/building owner agrees to use, operate, and allow for monitoring of the indoor air ventilation system; (ii) for future construction/buildings: the installation of a vapor barrier and passive sub-slab ventilation system with the ability to be made active except where multiple lines of evidence show that there is no potential for vapor intrusion into a particular building exceeding indoor air cleanup levels; and (iii) the implementation of institutional controls and monitoring to ensure the long-term effectiveness of the remedy. Requirements for implementation of the vapor intrusion remedy are set forth in the Vapor Intrusion Remedial Design and Remedial Action Statement of Work (Appendix F). The MEW Site indoor air cleanup levels for long-term exposure for residential and non-residential buildings are as set forth in Table 1 of the Statement of Work.

3. Page 22 is substituted to incorporate the following subparagraph (e) to Paragraph B.1. (Joint Work/General Description) of Section VII (Work to be Performed) of this Decree:

    (e) the implementation of the vapor intrusion remedy as set forth in the Vapor Intrusion Remedial Design and Remedial Action Statement of Work (Appendix F) in all areas of the Site except those properties designated for Facility-Specific Work in either the April 10, 1992 Consent Decree or the CERCLA Section 106 Order captioned "In the Matter of MEW Study Area," dated November 29, 1990.

4. Page 37 is substituted to incorporate the following sentence to Paragraph C.1. (Facility Specific Work/General Description) of Section VII (Work to be Performed) of this Decree:

    Facility Specific Work shall also include implementation of the vapor intrusion remedy as set forth in the Vapor Intrusion Remedial Design and Remedial Action Statement of Work (Appendix F) at all properties designated for Facility Specific Work, as described in Paragraph C.1. of Section VII of the Decree.

5. Page 83 is substituted and Page 83A is inserted to incorporate the following deliverables to Paragraph C.1.(a) (Stipulated Penalties for All Other Requirements or Deliverables/Class I) of Section XXIII (Stipulated Penalties) of this Decree:

    (15) Site-wide Vapor Intrusion Sampling and Analysis Work Plan for Response Action Tiering (Appendix F)

    (16) Supplemental Building/Property-Specific Vapor Intrusion Sampling and Analysis Work Plans (Appendix F)

    (17) Site-wide Long-term Vapor Intrusion Operations, Maintenance, Monitoring and Management Plan (including Long-term Operations, Maintenance, and Monitoring for Tier 2 and Former Tier 1 and Tier A Buildings and Long-term Monitoring and Management for Tier 3A Buildings) (Appendix F)

    (18) Site-wide Vapor Intrusion Institutional Controls Implementation, Management, and Monitoring Plan (Appendix F)

    (19) Building/Property-Specific Vapor Intrusion Sampling and Evaluation Reports

(Appendix F)

(20) Building-Specific Vapor Intrusion Control System Remedial Designs (Appendix F)

(21) Building-Specific Long-term Operations, Maintenance and Monitoring Plans (for Tier 2 and Former Tier 1 and Tier A Buildings) (Appendix F)

(22) Building-Specific Long-Term Monitoring and Management Plans (for Tier 3A Buildings) (Appendix F)

(23) Building-Specific Vapor Intrusion Response Action Implementation Reports (Appendix F)

(24) Site-wide Vapor Intrusion Remedial Action Completion Report (Appendix F)

(25) Monthly Vapor Intrusion Field Activity and Progress Reports (Appendix F)

(26) Annual Vapor Intrusion Progress Reports (Appendix F)

6. The Parties have attached a copy of the First Amended Consent Decree to this Joint Stipulation and request that it be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the First Amended Consent Decree disclose facts or considerations indicating that the First Amended Consent Decree is inappropriate, improper, or inadequate. Defendants Intel Corporation and Raytheon Company consent to entry of this First Amended Consent Decree without further notice. After it has received and considered any public comments, the United States will file a motion, requesting further action from the Court.

IT IS SO STIPULATED.

I attest that concurrence in the filing of this Joint Stipulation to Amend Consent Decree has been obtained from Edward L. Strohbehn Jr., the attorney for Defendant Intel Corporation,

and Gordon C. Atkinson, the attorney for Defendant Raytheon Company.

Dated: December 20, 2011          /s/Robert D. Mullaney

Robert D. Mullaney
Environmental Enforcement Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Tel: (415) 744-6491
Fax: (415) 744-6476
Attorneys for Plaintiff United States of America

Dated: 12/20/11

*[signature]*

Edward L. Strohbehn Jr.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111
Tel: (415) 393-2059
Attorneys for Defendant Intel Corporation

Dated: 12/20/11

Gordon C. Atkinson
Cooley LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Tel: (415) 693-2088
Attorneys for Defendant Raytheon Company

IT IS SO ORDERED:

Dated: January 17, 2012

James Ware
United States District Chief Judge

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America. I am over the age of 18 years and am not a party to this case. My business address is 301 Howard Street, Suite 1050, San Francisco, California 94105.

On December 21, 2011, I served a true and complete executed copy of the Joint Stipulation to Amend Consent Decree <u>via prepaid First Class United States Mail</u> to counsel for the parties in this matter, Intel Corporation and Raytheon Company, as described below:

Edward L. Strohbehn Jr.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111
Attorneys for Defendant Intel Corporation

Gordon C. Atkinson
Cooley LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800
Attorneys for Defendant Raytheon Company

I declare under the penalty of perjury that the foregoing is true and correct. Executed on December 21, 2011, at San Francisco, California.

Dated: December 21, 2011

Tammie Sera